**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| EDGE FITNESS, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. _____ |
| SPAGNOLAFIT INCORPORATED | ) |
| D/B/A EDGE FITNESS & PERFORMANCE, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff Edge Fitness, LLC ("Edge") brings this action for trademark infringement and deceptive trade practices against Defendant Spagnolafit Incorporated d/b/a Edge Fitness & Performance ("Defendant"). Defendant has willfully infringed, and continues to willfully infringe, Edge's incontestable, federally registered trademark THE EDGE® and associated registered EDGE-formative marks, including THE EDGE FITNESS CLUBS®, through Defendant's unauthorized use of confusingly similar variations of EDGE FITNESS to market and promote its fitness gym for commercial gain.

Defendant has refused to respond to any of Edge's requests to stop the infringement. Instead, Defendant in bad faith filed an application with the United States Patent and Trademark Office ("USPTO") to register EDGE FITNESS. The USPTO refused Defendant's application, citing a likelihood of confusion with Edge's registrations. Defendant's infringement nonetheless continues.

Accordingly, after exhausting all other options, Edge now seeks an Order from this Court permanently enjoining Defendant from using Edge's marks or any confusingly similar marks, declaring this an exceptional case, and awarding Edge treble damages and/or disgorgement of all profits gained by Defendant through its willful infringement of the Edge's marks, along with attorneys' fees and costs.

**JURISDICTION AND VENUE**

1. This Court has subject matter jurisdiction over the claims in this action under the Lanham Act, 15 U.S.C. § 1051, et seq., and pursuant to 28 U.S.C. §§ 1331 and 1338(a). This Court has jurisdiction over the claims in this action arising under the laws of the State of Illinois pursuant to 28 U.S.C. § 1367(a) because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

2. Personal jurisdiction vests because at all relevant times Defendant has transacted business in this judicial district, has engaged in wrongful acts causing injury in this State, and because Defendant is a citizen of this States with a principal place of business in this judicial district.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) and (2).

**PARTIES**

4. Edge is a Delaware limited liability company with its principal place of business at 50 Boston Post Road, Orange, Connecticut 06477.

5. Defendant is an Illinois corporation with a place of business at 835 Feinberg Court #121, Cary, Illinois 60013.

**FACTUAL ALLEGATIONS**

*Edge's Trademarks*

6. Edge provides high-value fitness club facilities and services throughout the United States for a low price, and has done so for at least twelve years.

7. Edge operates thirty-two clubs, including fifteen in Connecticut, four in New Jersey, four in Pennsylvania, four in Michigan, two in Rhode Island, one in Missouri, one in Delaware, one in Illinois, and is expanding. Edge has seven clubs under construction that it

expects to open between now and the end of September 2020, including facilities in Illinois, Michigan, Missouri, New Jersey, and Pennsylvania. Specifically in Illinois, Edge opened a new club in Naperville in February 2020, and expects to open a club in Crystal Lake in August 2020. The Crystal Lake club will be approximately two-and-one-half miles from Defendant's location in Cary, with membership pre-sales to begin in May 2020.

8. Edge's services include the provision of a full-fitness club with floors of treadmills, elliptical machines, stationary bikes, step-mills, weight training machines, free weights, and indoor turf sprint lanes; personal athletic performance and fitness training; group exercise classes, including spin, yoga, pilates, barre, kickboxing, high-intensity interval training, Body Pump, Zumba, and boot camp; supervised children's exercise rooms; women's only areas; and tanning, massage, and juice/smoothie bars.

9. Edge has expended substantial time, money, and other resources in developing, advertising, and otherwise promoting and protecting its trademarks. This, coupled with Edge's top-notch clubs and services, has resulted in approximately 249,000 total Edge members across its 31 locations, consisting of 240,000 adult members, 1,000 student/short-term members, and 8,000 EDGE KID members. In the past 12 months, Edge has had over ten million adult visits.

10. Edge's success in the health and fitness industry has created great value in its name and marks. Accordingly, Edge owns the following federal trademark registrations for its EDGE-formative marks (together, the "Edge Marks"):

| Trademark | U.S. Reg. No. | Reg. Date | Filing Date | First Use in Commerce |
|---|---|---|---|---|
| THE EDGE® | Reg. No. 4,430,382 | November 12, 2013 | November 26, 2007 | May 1, 2003 |
| THE EDGE FITNESS CLUBS® | Reg. No. 4,802,262 | September 1, 2015 | June 21, 2014 | March 31, 2006 |

3

| Trademark | U.S. Reg. No. | Reg. Date | Filing Date | First Use in Commerce |
|---|---|---|---|---|
| THE EDGE FITNESS CLUBS® | Reg. No. 4,870,158 | December 15, 2015 | April 22, 2015 | June 30, 2013 |
| EDGE RX® | Reg. No. 4,816,023 | September 22, 2015 | June 21, 2014 | December 31, 2013 |
| EDGE STRONG® | Reg. No. 4,816,022 | September 22, 2015 | June 21, 2014 | December 31, 2013 |
| EDGE STRONG TEAM TRAINING | Reg. No. 4,870,155 | December 15, 2015 | April 22, 2015 | September 30, 2013 |
| THE EDGE SPORTS TRAINING CENTERS® | Reg. No. 4,430,383 | November 12, 2013 | November 26, 2007 | May 1, 2003 |

11. The trademark registrations for the Edge Marks are valid, subsisting, and in full force and effect. Registration No. 4,430,382 for the mark THE EDGE® is incontestable pursuant to 15. U.S.C. § 1065. The Edge Marks have been used exclusively and continuously by Edge for many years and have not been abandoned. The registrations for the Edge Marks constitute prima facie evidence of their validity and of Edge's exclusive right to use the Edge Marks pursuant to 15 § U.S.C. 1057(b).

12. Edge is also the registrant of website domain name <theedgefitnessclubs.com>.

*Defendant's Infringement of Edge's Marks*

13. In knowing violation of Edge's rights, Defendant operates a fitness gym under the assumed business names Edge Fitness & Performance, using various designs of the mark EDGE FITNESS in association with its gym, personal training services and group fitness classes, and related website <edgestrength.com>.

14. Edge discovered Defendant's infringing use in Spring 2019. On May 17, 2019, Edge sent Defendant by FedEx and email the first of many correspondences requesting

4

Defendant cease its infringement of Edge's rights. Defendant did not respond to this, or any other correspondences from Edge. Edge's subsequent unanswered efforts to contact Defendant include:

- On May 28, 2019, Edge sent a second email correspondence to Defendant following up on the May 17, 2019 letter.

- On June 5, 2019, Edge sent a third email correspondence to Defendant following up on the May 17, 2019 letter.

- On June 18, 2019, Edge sent a second letter to Defendant by FedEx, which is signed for by Defendant's front desk.

- On July 8, and several times thereafter, counsel for Edge called Defendant's business to speak with Michael Spagnola ("Spagnola"), Defendant's owner and registered agent. Counsel is told each time by Defendant's front desk personnel that Spagnola is unavailable, but that counsel's information will be passed along to him.

- On January 8, 2020, Edge sent a third letter by FedEx and email to Defendant.

15. On May 31, 2019, unbeknownst to Edge, Defendant filed an application with the USPTO to register the mark EDGE FITNESS for use in association with personal training services. Defendant alleged in its application that it first used the mark EDGE FITNESS in commerce in January 2014.

16. Defendant's first use in commerce of FITNESS EDGE, as claimed in official UPSTO records, began months after the trademark applications for the marks THE EDGE® and THE EDGE SPORTS TRAINING CENTERS® matured to registration. Further, each of the Edge Marks' first use in commerce precedes Defendant's first use in commerce of EDGE FITNESS. By example, the first use of Edge's marks THE EDGE® and THE EDGE SPORTS TRAINING CENTERS® precedes Defendant's use of FITNESS EDGE by nearly eleven years. Edge's first use in commerce of THE EDGE FITNESS CLUBS® precedes Defendant's first use in commerce of EDGE FITNESS by over six years.

5

17. On August 21, 2019, the UPSTO denied Defendant's May 31, 2019 trademark application because of a likelihood of confusion with Edge's registrations, including in particular those for the THE EDGE®, THE EDGE FITNESS CLUBS®, and  ® marks. The USPTO found the additional wording in Edge's marks beyond EDGE and FITNESS did not meaningfully alter the sound, appearance, and commercial impression to avoid a likelihood of confusion between them and Defendant's applied-for mark.

18. On January 8, 2020, Edge sent a fifth and final correspondence to Defendant, acknowledging Edge's discovery of Defendant's bad faith attempt to register EDGE FITNESS and requesting that Defendant respond and cease its infringement. As with all of Edge's previous correspondences, Defendant did not respond.

19. Defendant's services provided under the infringing mark are not and have never been affiliated with nor sponsored by Edge. Edge has not authorized Defendant to use any variation of its marks in association with Defendant's gym and related service offerings, or its website advertising them.

20. Defendant's unauthorized use of its infringing marks is likely to cause consumer confusion, mistake, and/or deceive consumers with respect to some affiliation, connection, or association with Edge or as to the origin, sponsorship, or approval of Defendant's services and website.

21. Unless Defendant's willful acts of trademark infringement are restrained by the Court, those acts will continue to cause irreparable injury to the Foundation and the public for which there is no adequate remedy at law.

## CLAIM FOR RELIEF

### Count I
### Trademark Infringement and Unfair Competition
### (Lanham Act, 15 U.S.C. §§ 1051 *et seq.*)

22.     Edge repeats, realleges, and incorporates by reference the allegations in paragraphs 1 through 21 of this Complaint.

23.     Edge is the owner of the federally registered Edge Marks for a wide range of fitness services, including in connection with personal training and group fitness instruction. Edge's mark THE EDGE® is incontestable pursuant to 15 U.S.C. § 1065.

24.     Edge's use of the Edge Marks in commerce prior to Defendant's use of infringing variations of EDGE FITNESS for similar services establishes Edge's superior rights to enforce the Edge Marks against Defendant.

25.     Pursuant to 15 U.S.C. § 1071, Edge's federal registrations for THE EDGE® and THE EDGE SPORTS TRAINING CENTERS® provided constructive notice of Edge's rights to Defendant, and give Edge priority over Defendant as to any confusingly similar subsequent trademark use.

26.     Edge has not authorized or consented to Defendant's confusingly similar trademark use.

27.     Defendant's confusingly similar use of variations of EDGE FITNESS is likely to cause confusion or mistake among ordinary consumers about the source, sponsorship, affiliation, connection, association and/or approval of the goods and services offered by Defendant, by creating the false, deceiving, and/or misleading impression that such services are created by, and/or are sponsored by, affiliated with or approved by Edge.  Such confusingly similar uses constitute trademark infringement and unfair competition in violation of the Lanham Act, 15 U.S.C. §§ 1114(a) and 1125(a).

28. As a direct and proximate cause of Defendant's acts as alleged herein, Edge has suffered and will continue to suffer damages.

29. Edge is entitled to recover Defendant's profits relating to its intentional use of confusingly similar marks, all damages sustained by Edge, and the costs of this action. Edge is also entitled to recover treble damages and its reasonable attorneys' fees because Defendant's infringement has been malicious, deliberate, and willful, and is intended to benefit Defendant at Edge's expense.

30. Defendant's wrongful conduct has caused and will continue to cause Edge irreparable injury for which no adequate remedy at law exists. Accordingly, Edge is entitled to an Order permanently enjoining Defendant from continuing to infringe any of Edge's Marks.

## Count II
### Violation of the Illinois Deceptive Trade Practices Act
### (815 ILCS 510/1 *et seq.*)

31. Edge repeats, realleges, and incorporates by reference the allegations in paragraphs 1 through 30 of this Complaint.

32. Defendant's actions complained of herein constitute deceptive trade practices in violation of 815 ILCS 510/2 in that they are likely to cause confusion or misunderstanding as to source, sponsorship or approval of Defendant's services. Defendant's deceptive conduct also creates a likelihood of confusion as to the affiliation, connection or association of Defendant and its services with Edge and its well-known Edge Marks for its fitness services.

33. Because Defendant had notice of Edge's prior use and rights in its Edge Marks prior to its infringing use, Defendant is willfully engaged in deceptive acts or practices in violation of Illinois law.

34. As a result of Defendant's willful conduct, Edge has suffered irreparable harm, and unless this Court enjoins Defendant's conduct, Edge will continue to suffer irreparable harm.

Accordingly, Edge is entitled to an Order permanently enjoining Defendant from continuing to infringe any of Edge's Marks.

## **PRAYER FOR RELIEF**

WHEREFORE, Edge respectfully requests that the Court enter an Order:

A. Permanently enjoining Defendant and its agents, officers, representatives, employees, successors, assigns, attorneys, and all others acting for, with, by, or under authority from Defendant, or in concert or participation with Defendant, and each of them from:

    i. Engaging in any and all acts of infringement of Edge's Marks; and

    ii. Performing any other acts that are likely to lead the public to believe that the services offered by Defendant are in any manner licensed, sponsored, or authorized by Edge.

B. Awarding the following:

    i. Disgorgement of Defendant's profits and advantages gained from its use of Edge's marks;

    ii. All damages sustained by the Edge in an amount to be proven at trial;

    iii. Treble damages;

    iv. Reasonable attorneys' fees and costs of this action; and

    v. Pre- and post-judgment interest as allowed by law.

C. Granting such other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues so triable.

Dated: March 11, 2020　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　s/ Robert R. Duda Jr.
　　　　　　　　　　　　　　　　　　Robert R. Duda Jr. (ARDC No. 6269673)
　　　　　　　　　　　　　　　　　　**SMITH O'CALLAGHAN & WHITE**
　　　　　　　　　　　　　　　　　　33 N. LaSalle Street, Suite 3600
　　　　　　　　　　　　　　　　　　Chicago, IL 60602
　　　　　　　　　　　　　　　　　　Phone: 312.419.1000
　　　　　　　　　　　　　　　　　　robert.duda@socw.com

　　　　　　　　　　　　　　　　　　&

　　　　　　　　　　　　　　　　　　Lynn E. Rzonca
　　　　　　　　　　　　　　　　　　Niki Ikahihifo-Bender (*pro hac vice* to be applied for)
　　　　　　　　　　　　　　　　　　**BALLARD SPAHR LLP**
　　　　　　　　　　　　　　　　　　1735 Market Street, 51st Floor
　　　　　　　　　　　　　　　　　　Philadelphia, PA 19103-7599
　　　　　　　　　　　　　　　　　　Phone: 215.665.8500
　　　　　　　　　　　　　　　　　　Fax: 215.864.8999
　　　　　　　　　　　　　　　　　　rzoncal@ballardspahr.com
　　　　　　　　　　　　　　　　　　ikahihifobendern@ballardspahr.com

　　　　　　　　　　　　　　　　　　**ATTORNEYS FOR PLAINTIFF EDGE FITNESS, LLC**